IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DEBBIE NAVEJAS, as representative,** § <br> **Of the Estate of ARMANDO NAVEJAS**, § <br> Plaintiff**,** § <br> § <br> **v.** § <br> § <br> **OFFICER S. JASO, SGT. SILVA,** § <br> **And CITY OF EL PASO, TEXAS,** § <br> Defendants**.** § | **CAUSE NO.: 3:22-cv-00225** <br> **A CIVIL ACTION** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, DEBBIE NAVEJAS, as Representative of the Estate of ARMANDO NAVEJAS, deceased, by and through her undersigned Counsel, Gabriel S. Perez and Brock M. Benjamin, hereby file this Complaint and states as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief for the violation of the deceased's civil rights secured by 42 USC § 1983, §1988 the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an October 24, 2021 incident in which Officer S. Jaso and Sgt. Silva acting under the color of Texas state law, and within the course and scope of their employment as City of El Paso, Texas police officers, intentionally and willfully subjected the deceased Plaintiff, ARMANDO NAVEJAS, to battery resulting in extreme physical and psychological injury up until his passing largely due to the severity of the injuries inflicted.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is proper is this judicial district pursuant to 28 U.S.C. section 1391(b) because the events giving rise to Plaintiff's claims, the execution of the contract and omissions, occurred in the Western District of Texas, and pursuant to 18 U.S.C. section 1965.

## PARTIES

6. Plaintiff, DEBBIE NAVEJAS, daughter and as representative of the estate of ARMANDO NAVEJAS, deceased, is a resident of the United States and at times relevant herein resided in El Paso County, Texas, located in the Western District of Texas.

7. Defendant City of El Paso, Texas, (herein referred to as the "City"), is a municipal entity duly organized pursuant to the laws of the State of Texas. At all times relevant herein, Defendant City, acting through the City of El Paso Police Department (herein referred to as "EPPD"), was responsible for the policy, practice, supervision, implementation, training, supervision, discipline and retention and conduct of all EPPD personnel. In addition, at all times relevant herein, Defendant City was responsible for enforcing the rules of the EPPD, and for ensuring that the EPPD personnel obey the laws of the United States and the State of Texas. Service may be effectuated via the Office of the Mayor of the City of El Paso, Texas, located at 300 N. Campbell, El Paso, TX 79901

8. Defendants Officer S. Jaso and Sgt. Silva are residents of El Paso County, Texas,

employees of the City of Texas, and subject to service through the City of El Paso Mayors Office, 300 N. Campbell, El Paso, TX 79901.

9. At all times mentioned, Defendants were acting under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of El Paso as uniformed police officers in the line of duty and the laws of the State of Texas.

**CONDITIONS PRECEDENT- NOTICE OF CLAIM**

10. Plaintiff incorporates paragraphs 1 through 9 as plead herein.

11. Plaintiff affirms that she has duly complied with any and all conditions precedent anterior to the filing of this Complaint, including the notice requirement within 90 days of the incident, and received the confirmation and declination letter attached as Exhibit A.

**STATEMENT OF FACTS**

12. Plaintiff incorporates paragraphs 1 through 11 as plead herein.

13. The damages detailed herein are the result of the use of excessive force exhibited by officers of the El Paso Police Department. On or about October 24, 2021, Mr. Navejas's family had called for assistance in locating Mr. Navejas since he suffers from Dementia and Alzheimer's and had wandered away from home. Upon locating Mr. Navejas, officers of the El Paso Police Department became confrontational with him and Mr. Navejas, due to his mental conditions, became defensive. An officer, as seen in the video circulating on the internet, deployed her taser thereby causing Mr. Navejas to fall on his face.

14. It is imperative to note that the Crisis Intervention Team, CIT, was not called given the previous knowledge of Mr. Navejas's mental conditions and the issues stemming therefrom. Mr. Navejas was a frail, elderly man at the time of the incident as shown in the video obtained from a

neighbor's home camera. The video clearly shows that none of the El Paso Police Officers were at risk any physical harm, nor any citizen in the neighborhood. The use of a taser was completely uncalled for and a clear demonstration of the textbook definition of excessive force.

15. As a result of this accident, the deceased Armando Navejas sustained road rash to his face, and both arms, left hand pain and a broken eye socket. Mr. Navejas was receiving treatment for his injuries until the time of his death in March of 2022. Armando Navejas suffered physical pain, mental anguish, and physical impairment, and in all probability, and ultimately an untimely passing as a result of this accident. The Decedent also incurred medical expenses for treatment of his injuries.

16. Plaintiff is of the class of persons to be protected by Defendant EPPD and the City of El Paso, Texas.

17. Plaintiff ARMANDO NAVEJAS has since died from complications of the injuries sustained on October 24, 2021.

## DAMAGES

18. Plaintiff incorporates paragraphs 1 through 17 as plead herein.

19. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their person and a violation of the Due Process clause;

   b. Violation of his right pursuant to the Constitution of the State of Texas to be free from unreasonable search and seizure of their person and a violation of the Due

Process.

c. Physical pain and suffering;

d. Emotional Trauma and suffering, including fear, humiliation, emotional distress and extreme inconvenience.

e. Wrongful death.

## FIRST CAUSE OF ACTION PURSUANT TO 42 USC 1983

20. Plaintiff incorporates paragraphs 1 through 19 as plead herein.

21. Defendants have deprived Plaintiff ARMANDO NAVEJAS of his civil, constitutional and statutory rights under color of law and have conspired to deprive his of such right and are liable to Plaintiff under 42 USC §1983.

22. The actions of Defendants deprived Plaintiff of his right to be free of unreasonable search and seizure of his person under the Fourth and Fourteenth Amendments to the United States Constitution. Additionally, the Defendants acts deprived Plaintiff of his right to Due Process of Law under both the United States and Texas Constitutions. The actions outlined above constituted an unlawful seizure under well-established Federal Law and resulted in the damages complained of herein.

23. It is unknown as to the exact identity of the El Paso Police Officer responsible for tasing the decedent, but either Officer Jaso or Sgt. Silva wrongfully committed Battery upon Plaintiff ARMANDO NAVEJAS, resulting in the damages complained of herein.

## SECOND CAUSE OF ACTION CONSPIRACY

24. The allegations of paragraphs 1 through 23 are incorporated herein by reference.

25. As described above, Defendants agreed to violate Plaintiff's rights in the manner described above. Further, Defendants made an agreement to attempt to cover up the battery resulting in the letter received from the City of El Paso indicating that there was no liability for the injuries sustained by Plaintiff. Additionally, the incident report claims that the El Paso Police Department officers were responding to a "domestic incident" and reported that the wife of decedent was assaulted, which is incorrect.

26. Plaintiff was injured by the Defendants' conspiracy.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING AND RETENTION

27. Plaintiff re-alleges paragraphs 1-26 as plead herein.

28. Defendant City of El Paso owed a duty to Plaintiff to prevent the physical injuries and mental injuries complained of herein.

29. Defendant City, through the El Paso Police Department, owed a duty of care to Plaintiff under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to a Plaintiff in a position similar to Plaintiff as a result of the conduct complained of herein.

30. Defendant City's negligence in hiring, training and retention of Officer Polas and other officers similarly situated directly resulted in the injuries sustained by Plaintiff.

31. The Defendant's City's failure to ensure that the officers charged with the response to situations involving mental health were properly trained and that the use of the Critical Incident Team (used to respond to mental health calls) was properly deployed lead to the injuries and ultimate passing of Decedent.

32. Plaintiff was injured by Defendant's negligence and breach of duty and as corollary, the citizens of El Paso stand to be injured if this matter isn't improved.

## FOURTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR

33. Plaintiff re-alleges paragraphs 1-32 as plead herein.

34. Defendants' intentional tortious acts were undertaken within the scope of their employment with the City of El Paso, Texas, and in furtherance of Defendant City's interest. In addition to the failure of Defendant City of El Paso in hiring, training and retention of the individual police officers, the City was their master in the legal definition of the term and therefore should be made to answer for the actions of their agents.

35. As a result of the Defendants' tortious conduct in the course and scope of their employment, and in furtherance of Defendant City's interest, Plaintiff was injured.

## PRAYER

36. WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

   a. An amount to be determined by a jury for each of Plaintiff's causes of action;

   b. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

   c. Awarding Plaintiff reasonable attorney's fees, costs, and disbursements of this action; and

   d. Granting such other and further relief as this Court deems just and proper.

37. Plaintiff hereby prays that the Court issue citation, set this matter on the jury docket and that judgment issue against all Defendants pursuant to proof.

38. Plaintiff hereby Demands Trial by Jury.

Respectfully submitted,

Law Office of Gabriel S. Perez, PLLC
718 Myrtle Avenue
El Paso, Texas 79901
915-444-5351
915-671-3836 Fax

By: /s/ Gabriel S. Perez
    Gabriel S. Perez
    New Mexico State Bar No.: 138288
    Texas State Bar No.: 24063580
    gabriel@gabrielsperezlaw.com
    Attorney for Plaintiff


The Benjamin Law Firm
609 Myrtle Avenue suite 101
El Paso, Texas 79901

By: /s/ Brock M. Benjamin
    Brock M. Benjamin
    New Mexico State Bar No.:
    Texas State Bar No.: 24048167
    brock@brockmorganbenjamin.com
    Attorney for Plaintiff

**EXHIBIT A**



## LAW OFFICE OF
## GABRIEL S. PEREZ, PLLC

March 3, 2022

<u>VIA CERTIFIED MAIL RRR</u>
The Honorable Oscar Leeser
Mayor of the City of El Paso
300 N. Campbell
El Paso, Texas 79901

RE:  Name:                    Notice of Injury and Claim -Armando Navejas
     Date of Accident:        October 24, 2021
     Incident No. (EPPD):     21297026

Dear Mayor Leeser:

    Pursuant to the Texas Tort Claims Act and/or §3.28.010 and §3.28.030 of the El Paso City Code and §1.5 of the City Charter of the City of El Paso, Texas, Armando Navejas and his attorney, Gabriel S. Perez, hereby give notice to the Mayor of the City of El Paso of his claim for personal injuries. The damages detailed above are the result of the use of excessive force exhibited by officers of the El Paso Police Department. At that time, Mr. Navejas's family had called for assistance in locating Mr. Navejas since he suffers from Dementia and Alzheimer's and had wandered away from home. Upon locating Mr. Navejas, officers of the El Paso Police Department became confrontational with him and Mr. Navejas, due to his mental conditions, became defensive. An office, as seen in the video circulating on the internet, deployed her taser thereby causing Mr. Navejas to fall on his face.

    As a result of this accident, Claimant Armando Navejas sustained road rash to his face, and both arms, left hand pain and a broken nose. He is currently receiving treatment for his injuries. Claimant has suffered physical pain, mental anguish, and physical impairment, and in all probability, will continue to suffer physical pain, mental anguish and physical impairment in the future, as a result of this accident. He has also incurred and will continue to incur medical expenses for treatment of her injuries.

<center>&lt;This Space Intentionally Left Blank&gt;</center>

718 Myrtle Avenue, El Paso, Texas 79901
Tel: (915) 444-5351
Fax: (915) 671-3836
Email: gabriel.perez74@gmail.com
*licensed in Texas and New Mexico



**LAW OFFICE OF GABRIEL S. PEREZ, PLLC**

Claimant claims a maximum of $250,000.00 for her damages. Claimant reserves the right to assert less or greater damages as the circumstances may warrant.

Pursuant to §1.5 of the El Paso City Charter, Claimant asks that his claim be placed before the City Council for consideration as soon as practical.

Sincerely yours,

*Gabriel S. Perez*

Gabriel S. Perez

STATE OF TEXAS §
§
COUNTY OF EL PASO §

On this day, **GABRIEL S. PEREZ** appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said that he has read the foregoing Notice of Claim and the facts stated in it are within his personal knowledge and are true and correct.

_____
**GABRIEL S. PEREZ**

SUBSCRIBED AND SWORN TO, before me by **GABRIEL S. PEREZ**, on this, this 3rd day of March, 2022.

ANABEL ORTIZ
MY COMMISSION EXPIRES
AUGUST 31, 2024
NOTARY ID: 132650978

_____
Notary Public in and for the
State of Texas

My Commission Expires: August 31, 2024

718 Myrtle Avenue, El Paso, Texas 79901
Tel: (915) 444-5351
Fax: (915) 671-3836
Email: gabriel.perez74@gmail.com
*licensed in Texas and New Mexico